

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| VENANCIO REZA,<br>    Petitioner,<br><br>vs.<br><br>M. JOSEPH,<br>    Respondent. | §<br>§<br>§<br>§    Civil Action No. 4:23-05920-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AND DISMISSING PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Petitioner Venancio Reza (Reza) filed a petition for habeas corpus under 28 U.S.C. § 2241 against Respondent M. Joseph (Joseph).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Reza's petition without prejudice and without requiring Joseph to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 18, 2024. The Clerk's Office docketed Reza's objections on February 2, 2024.

Reza seeks application of his earned time credits under the First Step Act, 18 U.S.C. § 3632(d) (ETCs). He contends the Court should excuse him from the requirement he exhaust his administrative remedies before filing a petition.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (internal citations omitted)

Generally, excusal from the exhaustion requirement requires a showing of cause and prejudice. *See, e.g.*, *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) ("The interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process." (citing cases from the Third, Seventh, and Ninth Circuits)). The Fourth Circuit has also adopted this standard in an unpublished opinion. *See McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona*).

Reza objects to the Magistrate Judge's determination he has failed to show prejudice because, even with the application of ETCs, his release date would yet to have passed. He contends the process of placement to halfway houses takes several months, especially with the "competition" with others who obtain Section 2241 relief. Objections at 1.

Reza fails to explain why he neglected to bring his administrative remedies earlier. Indeed, he has declined to even attempt to complete all the steps required to exhaust his administrative

2

remedies as to his claims in this case. Thus, Reza has failed to show cause. Because both cause and prejudice are required, the Court will refrain from excusing his failure to exhaust his remedies.

Accordingly, the Court will overrule the objection. Because the Court determines he has failed to exhaust his administrative remedies, it need not discuss Reza's other objections. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Reza's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Joseph to file a return.

To the extent Reza seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 22nd day of February 2024, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.